UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Patti Cochran, | ) | |
| | ) | Civil Action No. 6:06-1802-GRA |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **Order** |
| Officer G.R. Bobo, | ) | (Written Opinion) |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on the Defendant's Motion for Attorney's Fees and Costs pursuant to 42 U.S.C. § 1988. By order filed March 13, 2007, the Court granted summary judgment to the Defendant. On March 27, 2007, the Defendant timely filed his motion for attorney's fees and costs. The time for the Plaintiff to respond to that motion has expired, and no response has been received. Therefore, this motion is ripe for adjudication.

### I. Background

On July 12, 2006, the Plaintiff filed this action pursuant to 42 U.S.C. § 1983 alleging that she was arrested without probable cause and in violation of the Fourth Amendment. She also alleged state law claims for false arrest and malicious prosecution.

The Defendant filed a motion for summary judgment demonstrating without any question that probable cause as a matter of law existed for the Plaintiff's arrest

1

on three charges of Intimidation of a Witness. The Court heard the Defendant's motion for summary judgment on February 26, 2007, and ruled from the bench that the Defendant was entitled to summary judgment. The Court then issued a written order granting summary judgment on March 13, 2007. Judgment was entered in the Defendant's favor on that same date.

## II. Analysis

Under 42 U.S.C. § 1988(b), the Court has discretion to award attorney's fees to the prevailing party in an action brought pursuant to 42 U.S.C. § 1983. "[W]hen the prevailing party is the defendant, the attorneys fees should be awarded if the court find that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *DeBauche v. Trani*, 191 F.3d 499, 510 (4th Cir. 1999), *citing Hughes v. Rowe*, 449 U.S. 5, 14 (1980). "Stated otherwise, the plaintiff's action must be meritless in the sense that it is groundless or without foundation, but there need not be any subjective bad faith on the part of the plaintiff." *Id*. *See also*, *Hutcherson v. Board of Supervisors of Franklin County*, 742 F.2d 142, 146 (4th Cir. 1984) ("Such fees are allowable in the court's discretion when a suit is unreasonable, frivolous, or meritless within the meaning of *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978)").

Based upon a review of the oral arguments of counsel, the parties' legal memoranda, and the affidavits, deposition excerpts, and exhibits presented at the

summary judgment stage, this Court concludes that the Plaintiff's Fourth Amendment claim was frivolous, unreasonable, and without foundation, thereby warranting an award of attorney's fees under Section 1988. As this Court has already determined in granting summary judgment to the Defendant, no reasonable argument was made by the Plaintiff that probable cause did not exist for her arrest. The Plaintiff herself admitted and indeed pled in her complaint that she told the prosecution witnesses "what goes around comes around" following the hearing in Municipal Court. Clearly, such a statement made after a court proceeding where the witnesses had just testified against her husband led the three witnesses as well as the investigating officer to believe that a threat had been made by the Plaintiff. In addition to the undisputed facts which gave rise to belief that probable cause existed, the Defendant also showed that his belief that probable cause existed was supported by the issuance of the facially valid warrants by a municipal judge, the refusal of a second municipal judge to dismiss the charges at a preliminary hearing based upon her finding of probable cause, and the true bill indictments returned by the Greenville County Grand Jury.

The law has been well established that the true bill indictments are prima facie evidence of probable cause. *See*, *White v. Coleman*, 277 F. Supp. 292 (D.S.C. 1967); *Law v. South Carolina Dept. of Corrections*, 368 S.C. 424, 629 S.E.2d 642 (2006). The fact that a municipal judge bound the charges over at a preliminary hearing is also prima facie evidence of probable cause. Importantly, the Plaintiff made *absolutely no attempt* to rebut that prima facie evidence. Without any evidence to

rebut the presumption of probable cause, the Plaintiff and her counsel were aware that their filing and continued prosecution of this action was unreasonable, frivolous, and without foundation so as to justify an award of attorney's fees under the *Christiansburg* standard.

The Defendant as the prevailing party requests that the Court award him his attorney's fees and costs in the amount of $6,686.20. The Court concludes that the amount of attorney's fees claimed by the Defendant satisfies the relevant factors set forth in *Barber v. Kimbrell's*, 577 F.2d 216 (4th Cir. 1978). Those factors are as follows: "(1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases." 577 F.2d at 226, n. 28. Because in this case it is the Defendant (as opposed to the Plaintiff) who is seeking an award of attorney's fees, certain of these *Barber* factors are obviously not applicable.

The factors that are applicable are sufficiently addressed in the affidavit submitted by the Defendant of his counsel, Andrew F. Lindemann, who this Court

4

finds has considerable experience in litigating Section 1983 actions both in trial and appellate courts. The Defendant has shown that his counsel incurred 47.7 hours of time billed at $135.00 to successfully defend this case and obtain the dismissal at summary judgment. The rate charged is consistent with the customary rate and is warranted given the experience, reputation and ability of Mr. Lindemann. The affidavit includes the hourly billing records kept by Mr. Lindemann documenting the time spent on this case. Based upon a review of those billings records, the Court finds that $6,439.50 in attorney's fees charged in this case is reasonable, customary, and justified in obtaining the result that was achieved. The Court further finds that the $246.70 in deposition costs is reasonable and justified.

IT IS THEREFORE ORDERED that the Defendant's Motion for Attorney's Fees and Costs is hereby GRANTED, and the Plaintiff is ordered to pay the amount of $6,686.20 to the Defendant.

IT IS SO ORDERED.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

June 25, 2007

Anderson, South Carolina